IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| ROBERT SCOTT | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | Civil Action No. 1:06CV86 |
| v. | § | |
| | § | |
| SIGNAL INTERNATIONAL, LLC. AND | § | JUDGE RON CLARK |
| SIGNAL INTERNATIONAL TEXAS GP, | § | |
| LLC, | § | |
| | § | |
| *Defendants.* | | |

**ORDER GRANTING PLAINTIFF'S MOTION
TO AMEND AND ORDER REMANDING CASE**

Before the court is Plaintiff's Motion to Amend Complaint and Motion to Remand [Doc. # 7 and Doc. #8]. Defendants have responded. Plaintiff's motion seeks to add an instate defendant. The court finds that plaintiff's motion to amend is not filed the purpose of destroying diversity and plaintiff and the in state defendant would suffer great prejudice if the motion is denied. Accordingly, the motion for leave to amend is granted and the case shall be remanded.

**I. Background**

Plaintiff Robert Scott ("Scott") originally filed suit in the 172nd Judicial District Court of Jefferson County against Defendants Signal International, LLC and Signal International Texas GP, LLC ("Signal"). The case was timely removed on February 17, 2006. Plaintiff's case sounds in premises liability. On March 2, 2006, Signal filed a Third Party Complaint against Croft Construction, Inc ("Croft"). Croft answered on April 3, 2006. Croft, for purposes of citizenship, would be considered a citizen of Texas. Plaintiff seeks to amend his pleadings, adding Croft as a

1

defendant.[1]  Defendants assert that Croft could have been joined by Plaintiff when the case was originally filed and Plaintiff only seeks to join Croft in an attempt to destroy diversity.

## II.  Analysis

A court should freely grant leave to amend pleadings, especially at an early stage of the case when opposing parties will not be prejudiced.  Fed. R. Civ. P. 15(a).  However, this does not mean that courts should automatically do so.  *Price v. Pinnacle Brands, Inc.*, 138 F.3d 602, 608 (5th Cir. 1998).  In this case, Plaintiff's amendment would add claims against a new non-diverse party.

The court has discretion to allow an amendment that will destroy diversity and order remand or to deny the amendment.  28 U.S.C. §1447(e).  In exercising this discretion, the court is to closely scrutinize amendments that name a new non-diverse defendant in removed cases and should weigh four factors to determine whether to allow the amendment.  *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987).[2]  The four *Hensgens* factors are: (1) the extent to which the amendment is to defeat federal jurisdiction; (2) whether plaintiff has been dilatory in asking for the amendment; (3) whether Plaintiff will be greatly prejudiced or injured if the amendment is denied; and (4) any other factors bearing on the equities.  833 F.2d at 1182.

**1. Extent to which the amendment is sought to defeat federal jurisdiction**

Where a Plaintiff knows the identity of a non-diverse party, and of their activities, prior to removal and does not bring claims against them, the purpose of a later amendment in federal court is most likely to defeat jurisdiction by destroying diversity.  *See, e.g., In re Norplant*, 898 F.Supp.

---

[1] Plaintiff alludes to the Signal Defendants as being citizens of Texas.  However, the affidavits produced by Defendants assert they are not and those have not been contradicted by Plaintiff.

[2] While *Hensgens* was decided prior to the enactment of 28 U.S.C. 1447(e), the Fifth Circuit cited the *Hensgens* factors with approval after the passage of this statute.  *See Tillman v. CSX Transportation, Inc.*, 929 F.2d 1023, 1029 (5th Cir. 1991).

433, 435 (E.D. Tex. 1995); *O'Connor v. Automobile Ins. Co. of Hartford, Conn.*, 846 F. Supp. 39, 41 (E.D. Tex. 1994). Alternatively, when a party discovers the non-diverse defendants identity post removal, an amendment, while it would destroy diversity, might not be filed for the express purpose of defeating diversity. *Horton v. Scripto-Tokai Corp.*, 878 F. Supp. 902, 908-909 (S.D. Miss. 1995). The court finds the facts more in line with *Horton* than *O'Connor* or *In re Norplant.*. It does not appear to the court that Plaintiff actually knew the identity of Croft prior to removal.

Additionally, it was Signal, not Plaintiff who first added Croft to this suit. Signal alleges Croft manufactured the "S-hooks" in the scaffolding from which Plaintiff allegedly fell. Signal first alleges a claim against Croft sounding in strict products liability regarding the "S-hooks." Signal, states "Scott's fall, and resulting injuries and damages were caused by Croft's unreasonably dangerous and/or defective 'S-hooks'" Third Party Complaint p.2. Signal next alleges a negligence cause of action. Signal states "Croft owed a duty to Scott . . . to properly manufacture 'S-hooks' that would be used in supporting human beings aloft while working on scaffolding." Third Party Complaint p.3. Signal alleges that Scott's injuries were "proximately caused by Croft's negligence."

Croft has already been joined as a Third Party Defendant. Signal alleges that Croft owed a duty to Plaintiff under two separate theories. Signal itself has more than demonstrated to the court that Croft belongs in this lawsuit and that all claims and causes of actions would be more efficiently tried together. The court finds that while adding Croft would destroy diversity, it has not been sought by Plaintiff solely for that purpose.

**2. Whether Plaintiff was dilatory in seeking the amendment**

To determine whether Plaintiff has been diligent in seeking the amendment, courts look at the amount of time between Plaintiff's original petition and the amendment, and the time between

3

removal and the amendment. *See Perry v. Hartford Ins. Co. of Midwest*, 196 F. Supp.2d 447, 449 (E.D. Tex. 2002). Plaintiff filed in state court on December 5, 2005 and the case was removed on February 17, 2006. The Third Party Complaint was filed March 2, 2006 and the summons was issued March 9, 2006. Plaintiff sought to amend and remand on March 17, 2006.

The court finds that Plaintiff's motion is not dilatory in that it came one month after the case was removed and just over two weeks after the Third Party Complaint was filed.

**3. Whether Plaintiff will be greatly prejudiced or injured if the amendment is denied**

Denial of the amendment would force both Plaintiff and Croft to either litigate two similar law suits in two different courts or for Plaintiff to forgo the claims against Croft. Two suits could prove both costly and timely to Plaintiff and Croft. This is not the typical case where the non-diverse party will not be present, if the amendment is denied. Croft is a party to this lawsuit whether the amendment is allowed or not. The potential prejudice to Plaintiff and Croft of being forced to litigate the same issues in two forums is great. This factor weighs in favor of allowing amendment.

**4. Other factors bearing on the equities**

Other factors bearing on the equities include Defendants' right to remove on the one hand, and judicial economy and potentially inconsistent results on the other. *See Hensgens* 833 F.2d at 1182. Judicial economy and the concern for consistent results would counsel against trying two separate cases in two separate courts involving the similar factual and legal issues. There is good reason to be concerned with two suits involving the same facts and same law and the potential for inconsistent rulings. Moreover, the cost to both Plaintiff and Croft is a factor weighing in favor of the amendment and remand. The factors bearing on the equities at issue in this case weigh in favor of granting the amendment and remanding the case.

### III. Conclusion

After a careful review of the relevant factors, on balance, the court finds that the *Hensgens* factors weigh in favor of allowing Plaintiff to add new claims and join Croft as a non-diverse party.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Amend Complaint **[Doc. # 8]** and Plaintiff's Motion to Remand **[Doc. # 7]** are **GRANTED**.

IT IS FURTHER ORDERED that this case be **REMANDED** to the 172nd Judicial District Court of Jefferson County.

So **ORDERED** and **SIGNED** this **12** day of **April, 2006.**

_____
Ron Clark, United States District Judge